IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50134

Summary Calendar

_____

ELWOOD CLUCK,
              Debtor,

ELWOOD CLUCK, KRISTINE A.
CLUCK AND FIRST CAPITAL MORTGAGE CO., INC.,

              Appellants,

versus

RANDOLPH N. OSHEROW, TRUSTEE,
              Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA 94 CV 120)

_____

(     July 7, 1995  )

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Elwood Cluck, Kristine Cluck, and First Capital Mortgage Company[1] (collectively Cluck) argue that the bankruptcy court erred in denying Cluck's request for sanctions.  Cluck moved for

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1]  The bankruptcy court found that First Capital Mortgage Company was an alter ego of Elwood and Kristine Cluck.

sanctions because special counsel McKenzie signed the signature block of counsel for the trustee in a motion to compel and for expedited hearing.  This, Cluck argues, misrepresented to the court that McKenzie was a member of trustee's counsel's firm and merited Rule 11 sanctions.

The bankruptcy court rightly rejected that argument. Immediately above the trustee's counsel's name, address, and phone number in the signature block -- below which McKenzie signed -- was McKenzie's name, address, and phone number.  The bankruptcy court found that under a reasonable reading of the signature block, a signature by either McKenzie and trustee's counsel was intended to suffice for filing.  The bankruptcy court's refusal to award sanctions was not an abuse of discretion.  <u>See</u> <u>Childs v. State Farm Mutual Auto. Ins. Co.</u>, 29 F.3d 1018, 1023 (5th Cir. 1994) (Rule 11 sanctions are reviewed for abuse of discretion).

Cluck also adopts in this appeal the points of error he raised and we refuted in <u>Cluck v. Osherow</u>, 95-50081.

AFFIRMED.